JULIUS ENGELKE, APPELLEE, v. HERMAN ENGELKE ET AL., APPELLANTS.

FILED APRIL 13, 1909. No. 15,544.

Deeds: DELIVERY: EVIDENCE. The evidence relating to the delivery of a deed being conflicting, consideration is given to the conduct of the grantees in surreptitiously recording the deed, in order to determine the weight to be given to the evidence.

APPEAL from the district court for Douglas county: HOWARD KENNEDY, JUDGE. *Affirmed.*

*B. N. Robertson,* for appellants.

*J. H. Grossman, contra.*

EPPERSON, C.

Prior to the 16th day of March, 1904, the plaintiff, a widower, was the owner of an improved lot in the city of Omaha, which was all the property he had. On that day he executed and acknowledged a deed therefor, naming as grantees his children, the defendants Herman Engelke and Louise Wyman, who are his only living children. He has two grandchildren, the daughters of a deceased daughter. This controversy concerns only the question of the delivery of the deed.

It is the contention of the plaintiff that the deed was made at the request of his children, who advised him to thus dispose of his property, instead of making a will for that purpose; that it was not his intention to deprive his grandchildren of a share in his estate; that it was the understanding between himself and his children that the

deed was not to be delivered during his lifetime, and that he was to retain it, and, if he ever wanted to make a different disposition of his property, he would destroy it.

The defendants contend that the deed was made, executed and delivered by the plaintiff, who was prompted only by his own judgment; that he intended to exclude his grandchildren; that said deed was made in lieu of a will, so that the expense of probating could be avoided. Defendants admit that plaintiff was entitled to the possession of the property during his lifetime, with all the rents and profits derived therefrom. At that time plaintiff resided with his daughter. He was about 74 years old, and could not read English. On the day the deed was made plaintiff and defendants went together to the office of a notary public, where the instrument was signed and acknowledged. There is a dispute as to which party took the physical possession of the deed at that time. Plaintiff testified that his daughter carried the deed to their home at his request, as a matter of convenience. The daughter testified that the notary handed her the deed, but that plaintiff carried it home at her request. When they reached home, plaintiff folded the deed in a piece of paper, and tied a string about it, and placed it in a bureau drawer belonging to him, in which he also kept his money and other valuable papers, where, also, the daughter testified that she had some of her valuable papers. On the 18th day of July, 1905, the defendant, Mrs. Wyman, removed the deed from the bureau drawer, without the knowledge of the plaintiff, removed the string and the paper wrapper, and handed the deed to the defendant Herman Engelke, who took it to the office of the register of deeds, a very intimate friend accompanying him. This defendant or his friend requested that the deed be recorded at once and immediately returned, which was done. The volume of business at that time in the office of the register of deeds would have caused a delay of several days in the return of instruments after they were filed for record, except in cases where urgent demand required

an earlier return. The deed was immediately returned by Herman Engelke to his sister, Mrs. Wyman, who placed it in the same wrapper, and tied it with the same string with which it was previously wrapped, and placed it again in the bureau drawer. Later, when her father removed from her home, she permitted him to take the deed with him. Thereafter the plaintiff destroyed it, not knowing that it had been recorded, and desiring to avoid its effect. He subsequently learned that it had been recorded, and instituted this action to cancel the deed of record and to clear his title to the property. Plaintiff prevailed in the court below, and defendants have appealed.

The defendants both testified that plaintiff intended to deliver to them the deed when it was made. Were it not for the peculiar circumstances concerning the recording of the deed, as testified to by the defendants themselves, there would be an irreconcilable conflict of testimony on this question. But from their own testimony as to the manner in which the deed was removed from the bureau drawer for the purpose of having it recorded, and from the plaintiff's apparent custody of the deed from the time of its execution until he destroyed it, we are convinced that the deed had never in fact been delivered to the defendants by the plaintiff, and that it never became effective as an instrument of conveyance. Defendants do not explain the reason why they caused the deed to be so hastily returned to the bureau drawer. The only reason appearing to us for this is to prevent their father from learning that the deed had been recorded. It seems from all the evidence that the defendants planned to keep their father in ignorance of the removal of the deed and of its recording. Such conduct on their part is inconsistent with their claim of right to the deed and affects their credibility in a peculiar manner. There is a great preponderance of creditable evidence supporting the judgment of the lower court, and we recommend that it be affirmed.

DUFFIE, GOOD and CALKINS, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

AFFIRMED.